UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**PAMELA KEMMIS,**

    **Plaintiff,**

v.                                                               Case No.:3:07-cv-928-J-16HTS

**TIMBERLAKE PROPERTY OWNER'S ASSOC.,** *et al.***,**

    **Defendants.**

_____/

## **ORDER**

Multiple motions are pending before the Court in this case. Defendants filed separate Motions to Dismiss (Dkts. 9, 11 and 13) (collectively, the "Defendants' Motions"). Plaintiff, proceeding *pro se*, filed a Response (Dkt. 15) and a Motion for Default (Dkt. 17). Defendants filed a consolidated Response in Opposition (Dkt. 18), to which Plaintiff filed an Answer (Dkt. 20). Finally, Plaintiff filed other support documents (Dkts. 21 and 22), which included a Motion for Oral Argument and Motion for a Cease and Desist Order or Injunction (the "Motion for Oral Argument"). For the reasons that follow, Defendants' Motions (Dkts. 9, 11 and 13) will be **GRANTED** and Plaintiff's Motion for Default (Dkt. 17) and Motion for Oral Argument (Dkt. 22) will be **DENIED**.

Plaintiff's case must be dismissed because the Complaint (Dkt. 1) fails to allege the facts necessary to support federal jurisdiction. In summary:

> [F]ederal courts . . . are empowered to hear only those cases that (1) are within the judicial power of the United States, as defined in the Constitution and (2) that have been entrusted to them by a jurisdictional

>   grant by Congress. Because of their unusual nature, and because it would not simply be wrong but indeed would be an unconstitutional invasion of the powers reserved to the states if the federal courts were to entertain cases not within their jurisdiction, the rule is well settled that the party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the competence of that court. The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. Thus the facts showing the existence of jurisdiction must be affirmatively alleged in the complaint. If these facts are challenged, the burden is on the party claiming jurisdiction to demonstrate that the court has jurisdiction over the subject matter.

13 Charles Alan Wright & Arthur R. Miller, <u>Fed. Prac. & Proc. Juris 2d</u> § 3522 (West 2008) (internal citations omitted).

Under 28 U.S.C. 1331 and 1332, Congress granted Federal courts jurisdiction over those cases raising a federal question or in which diversity of citizenship is present. A *pro se* plaintiff's pleadings are held to a less stringent standard than those filed by an attorney. However, even a *pro se* plaintiff must explicitly state a claim and identify the source of the Federal court's jurisdiction. Plaintiff states that she is unaware of any jurisdictional basis for her claims (Dkt. 1, Sec. 1). Review of Plaintiff's pleadings do not reveal any federal question, with the exception of legally untethered references to Due Process and Equal Protection in Docket 15. Plaintiff relays details about the Defendants' corporate practices which are governed solely by Florida statutes. Diversity of citizenship is clearly not present, as all of the parties are Florida residents or Florida based.

Because the Court has determined that it lacks subject matter jurisdiction, it will not address Defendants' allegation that Plaintiff failed to state a claim upon which relief may be

granted or entertain Plaintiff's Motion for Default (Dkt. 17) or Motion for Oral Argument (Dkt. 22).

In summary, it is **ORDERED** that:

1. Defendants' Motions (Dkts. 9, 11 and 13 )are **GRANTED** and the case is **DISMISSED.**

2. Plaintiff's Motion for Default (Dkt. 17) and Motion for Oral Argument (Dkt. 22) are **DENIED**; and,

3. The Clerk of the Court is directed to close this case.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida on this 19th day of March 2008.

_____
JOHN H. MOORE II
United States District Judge

Copies to:

Counsel of Record
*Pro se* Plaintiff

3